IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JONATHAN WAYNE ALLEN,<br><br>**Plaintiff,**<br><br>v.<br><br>**PORTFOLIO RECOVERY ASSOCIATES, LLC,**<br><br>**Defendant.** | CIV. ACTION NO. 1:12-cv-3048 |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441, and 1446, Defendant Portfolio Recovery Associates ("Defendant" or "PRA"), appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure and all defenses under the federal laws of bankruptcy, and the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, et seq., files this Notice of Removal of this action from the Eighth Judicial District Court of Louisiana, where it was originally filed, to the United States District Court for the Western District of Louisiana, Alexandria Division. As grounds for the removal of this action, PRA states as follows:

**I. INTRODUCTION**

1.      On or about October 31, 2012, Plaintiff Jonathan Wayne Allen ("Plaintiff") commenced this civil action against Defendant by filing a Petition for Damages ("Complaint") in the Eighth Judicial District Court of Louisiana, styled *Jonathan Wayne Allen v. Portfolio Recovery Associates, LLC*, Docket No. 43475.  (*See* Complaint, attached hereto as Exhibit A).

The Eighth Judicial District Court of Louisiana is a state court within this judicial district and division.

2.  In his Complaint, Plaintiff alleges essentially that PRA violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. 13:1401 *et seq.*, and seeks actual damages, statutory damages, costs, and attorney's fees. [*See id.* ¶¶ V(A)-VI(C).]

3.  This case is properly removable, pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a)   Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

4.  Accordingly, this matter is properly removable under 28 U.S.C. § 1441(a) as the United States District Court has original jurisdiction over this case under 28 U.S.C. §§ 1331 and 1367(a).

## II. FEDERAL QUESTION JURISDICTION

5.  28 U.S.C. § 1331 provides that this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

6.  Plaintiff's Complaint, which contains allegations that PRA violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, asserts a claim arising under the Constitution, laws or treaties of the United States. *See* 15 U.S.C. § 1692, *et seq.* This Court has jurisdiction over this claim pursuant to 28 U.S.C. §§ 1331.

7.  Because Plaintiff has asserted a claim arising under, and for alleged violations of, federal law, this Court has federal question jurisdiction over Plaintiff's claim, pursuant to 28 U.S.C. §§ 1331 and 1441(a).

### III. SUPPLEMENTAL JURISDICTION

9.  This Court has supplemental jurisdiction over the state law claim Plaintiff makes against PRA because this claim forms part of the same case or controversy as Plaintiff's FDCPA claim. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides in pertinent part as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . .

10. In the instant case, Plaintiff's state law claim is related to the same activity that forms the basis for Plaintiff's FDCPA claim. Specifically, Plaintiff alleges that the same activity that supports his claim under the Louisiana Unfair Trade Practices and Consumer Protection Law ("LUTP"), La. R.S. 13:1401 *et seq.*, also supports his FDCPA claim. [*See* Complaint, generally.] Thus, Plaintiff's state law claim in this case is "so related to claims in the action within [this Court's] original jurisdiction" that it forms part of the same case or controversy and, as such, fall squarely within this Court's supplemental jurisdiction as provided under 28 U.S.C. § 1367(a).

11. Moreover, this Court should exercise supplemental jurisdiction over Plaintiff's state law claim in this action to avoid an unnecessary duplication of judicial resources. *See Braswell Wood Co., Inc.*, No. 2:09-cv-891, 2011 WL 2292311, *3 (M.D. Ala. June 9, 2011) (recognizing that judicial economy is a consideration in whether to exercise supplemental jurisdiction). In the instant case, Plaintiff's state law claim arises from the same transaction or occurrence but does not raise novel or complex issues of state law or predominate over

Plaintiff's FDCPA claim. *See id.* at *1 (citing 28 U.S.C. § 1367(c)). Therefore, this Court should exercise jurisdiction over all claims asserted in Plaintiffs' Complaint.

### IV. ADOPTION AND RESERVATION OF DEFENSES

12. Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of PRA's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) (4) improper joinder of claims and/or parties; (5) failure to state a claim; (6) the mandatory arbitrability of some or all of the claims; (7) failure to join indispensable parties; or (8) any other pertinent defense available under Louisiana law or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

### V. PROCEDURAL REQUIREMENTS

13. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

14. PRA is the only named defendant in this action and, therefore, there are no additional defendants from whom consent must be obtained prior to removal.

15. This removal is timely under 28 U.S.C. § 1446, as it is being filed within 30 days of the date on which Plaintiff served PRA with the Complaint.

16. True, correct, and certified copies of "all process, pleadings, and orders" filed to date are attached hereto as Exhibit "A" in conformity with 28 U.S.C. § 1446(a).

17. PRA has heretofore sought no similar relief.

18. The United States District Court for the Western District of Louisiana, Alexandria Division, is the District and Division embracing the place where this action is pending in state court.

19. PRA reserves the right to supplement its Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

20. Contemporaneously with the filing of this Notice of Removal, PRA has filed a copy of same, along with a Notice of Filing Notice of Removal, with the clerk of the Eighth Judicial District Court of Louisiana. Written notice of the filing of this Notice of Removal has also been served upon Plaintiff.

**WHEREFORE**, PRA prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Eighth Judicial District Court of Louisiana, to the United States District Court for the Western District of Louisiana, Alexandria Division.

This the 10th day of December, 2012.

Respectfully submitted,

*s/ Katrina L. Dannheim (formerly Chisholm)*
Katrina L. Dannheim (LA Bar # 33773)
katrina.dannheim@burr.com

**BURR & FORMAN LLP**
350 East Las Olas Boulevard
Suite 850
Ft. Lauderdale, FL 33301
Telephone: (954) 414-6200
Facsimile: (954) 414-6201

Attorney for Defendant
PORTFOLIO RECOVERY SERVICES, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing NOTICE OF REMOVAL has been served on the following by Federal Express Overnight Mail and/or email, on this the 10th day of December, 2012:

J. Keith Gates<br>
GATES LAW FIRM, LLC<br>
P.O. Box 1433<br>
Winnfield, Louisiana 71483<br>
keith@keithgateslaw.com

*s/ Katrina L. Dannheim*_____
OF COUNSEL